QUESTION:
May an elected city official who resigned as of October 1, 1973, after thirty years of continuous service as such be employed by the city if she waives the pension benefits payable to her under former s. 165.25, F.S., during the period of such employment?
SUMMARY:
A city official who resigned or retired under former s. 165.25, F. S., may be employed by the city, provided he or she waives the pension benefits payable under that statute and such reemployment is not prohibited by the city's charter act or ordinances.
Section 165.25 (amended and transferred to s. 121.20, F.S., by Ch. 73-129, Laws of Florida) is silent on this question. (Cf. s.122.16, F.S., which formerly provided that retirement benefits payable thereunder were suspended during any period of reemployment by the state or any political subdivision or any department, branch, or agency thereof, and now, as amended by Ch. 72-335, Laws of Florida, authorizes such reemployment for a limited period without a suspension of retirement benefits.)
In AGO 056-241, one of my predecessors in office ruled that the public policy of this state would forbid a state employee who retired under the noncontributory state pension law (s. 112.05, F. S.) from becoming reemployed by the state "unless retirement pay be suspended during reemployment." And in AGO 073-251 I stated that a city official who retires under s. 165.25, supra, "may not thereafter be reemployed by the city and, at the same time, draw a pension payable from city funds." The clear implications of these opinions is that reemployment by the unit of government from which the pension benefits would otherwise be received would not be prohibited if such pension benefits are waived during the period of reemployment. And I am advised that, in a suit styled Kane et al. v. Folsom et al., #73-932 01-B, filed in the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, the circuit judge held that a municipal official who retired under the city's police and firemen's pension plan could be reemployed by the city as the head of its department of public safety, provided he waived his pension benefits during the period of his reemployment with the city.
I have the view, therefore, that in the absence of anything in the city's charter or ordinances that would prohibit it, a city official who resigned or retired under former s. 165.25, F.S., may be reemployed by the city, provided he or she waives the pension benefits payable thereunder during the period of such employment.